Lee v Chin (2026 NY Slip Op 01851)

Lee v Chin

2026 NY Slip Op 01851

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Webber, J.P., González, Mendez, O'Neill Levy, Hagler, JJ. 

Index No. 651356/24|Appeal No. 6195|Case No. 2025-03426|

[*1]Michael Lee, Respondent,
vJeffrey Chin, Appellant.

Law Offices of Jason Berke PC, Kew Gardens (Jason R. Berke of counsel), for appellant.
The Lawyer James J. Decristofaro PC, New York (Melissa Montenes of counsel), for respondent.

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered January 16, 2025, which, to the extent appealed from, denied defendant's motion to dismiss plaintiff's causes of action for a declaratory judgment (second cause of action) and fraudulent inducement (third cause of action), unanimously reversed, on the law with costs, and defendant's motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff failed to adequately plead a cause of action for fraudulent inducement. The complaint alleges that defendant, through his agents, represented that the parties' lease would reflect the agreed-upon 54-month rent structure; that the parties had a meeting and agreed on those terms; that defendant's agents knowingly orchestrated the exchange of the lease without drawing plaintiff's attention to the shorter extension period and termination date; and that plaintiff justifiably relied on the misrepresentation that the final lease embodied the agreed terms, inducing execution to his detriment, causing injury. Plaintiff relies primarily on a September 12, 2020 email in which the parties seem to have agreed that the lease would expire in April 2025. However, the subsequent September 18, 2020 email indicates that plaintiff reviewed and proposed revisions to draft riders which plainly stated an April 2024 end date. Moreover, the final lease and rider refute plaintiff's allegations of any facts that were "unknown to one party but known to the other (who has misled the first)," to support his fraudulent inducement claim (Chimart Assoc. v Paul , 66 NY2d 570, 573 [1986]).
As to the cause of action for a declaratory judgment, which seeks a declaration that the lease is void insofar as it purports to terminate in April 2024 instead of April 2025, plaintiff has failed to state a cause of action. The lease's merger clause expressly barred any prior agreements. Absent any evidence of fraud, and in light of the merger clause, there is no cause of action for any declaratory relief stating that the lease would expire in April 2025 rather than April 2024 (see New York First Ave. CVS v Wellington Tower Assoc ., 299 AD2d 205, 206 [1st Dept 2002], lv denied 100 NY2d 505 [2003]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026